IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ALFRED KING, JR.                                                                                  PETITIONER
ADC #145017

V.                              CASE NO. 5:14CV104 JMM-JTK

WENDY KELLEY,[1] Director
Arkansas Department of Correction                                                   RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States

---

[1] Wendy Kelley replaced Ray Hobbs as Director of the Arkansas Department of Correction. Under Federal Rule of Civil Procedure 25(d), Wendy Kelley is automatically substituted as Respondent in this matter.

District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

**Introduction**

Petitioner, Alfred King, Jr., an inmate at the Arkansas Department of Correction, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 on March 21, 2014. (Doc. No. 1)  A response was filed by Respondent on June 11, 2014.  (Doc. No. 5)  Petitioner's counsel did not file a Reply.  After reviewing the parties' briefings and the available evidence, the undersigned recommends that the current petition be denied and this action

dismissed.

**Background**

On February 27, 2008, the Faulkner County Prosecutor filed a felony information that charged Alfred King with aggravated robbery, theft of property, and criminal use of a prohibited weapon. On July 7, 2009, King pleaded guilty and received an aggregate sentence of 600 months in the Arkansas Department of Correction (ADC)—consecutively-run sentences of 240 months for robbery, 180 months for theft of property, and 180 months for criminal use of a prohibited weapon.

Subsequent to his sentence, King's defense counsel filed a Petition to Correct Sentence in the Faulkner County Circuit Court on October 5, 2009. In the petition, counsel requested that the court reduce King's sentence because he pleaded guilty to Count 3 as a Class B felony (5 to 20 years in prison) when in fact it is a Class D felony (up to 6 years in prison). Similarly, King filed a pro se pleading entitled Motion to Correct an Illegal Sentence and a Petition for Postconviction Relief under Rule 37. He raised the same argument as his counsel and requested the Court to reduce his criminal use of a prohibited weapon sentence. Following a hearing, by letter order dated November 13, 2009, the trial court denied the motions. The circuit court entered an order November 18, 2009 in which he denied the pro se motion for lack of verification and denied counsel's motion to correct sentence on the merits. That same day, defense counsel sent King's family member a letter notifying her that the petition had been denied and that he believed they had exhausted all forms of relief. There was no appeal from the trial court's order.

On February 13, 2013, King filed a habeas petition in Jefferson County Circuit Court. In it, he argued he was being held pursuant to an invalid conviction. The trial court denied the petition. There was no appeal.

With new counsel, King filed the instant federal habeas petition on March 21, 2014. In it, he raises three claims for relief: (1) King's plea to a Class B felony for criminal use of a prohibited weapon was not knowingly, voluntarily, or intelligently entered and was based on ineffective assistance of counsel; (2) King's right to due process was violated because he was convicted of a crime with which he had not been charged; and (3) King is in custody in violation of the Eighth and Fourteenth Amendments to the United States Constitution because he is actually innocent of the crime of Class B Felony criminal use of a prohibited weapon. Counsel also anticipated procedural default arguments in a responsive pleading and addressed those concerns as well, asserting *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), as precedent for cause to excuse procedural default and alternatively *Schlup v. Delo*, 513 U.S. 298 (1995), as precedent for implicating a fundamental miscarriage of justice.

Respondent filed a responsive pleading, and in it asserted that the petition is barred by the statute of limitations and that there were no grounds for equitable tolling. Alternatively, Respondent argues that King's claims are procedurally defaulted.

## Discussion

Section 2254 requires state habeas petitioners to file their petition within one year of

"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 US.C. § 2244(d)(1)(A). In Arkansas, for a criminal defendant who pleads guilty and does not seek review in the State's highest court, the judgment becomes final on the date that the time for seeking such review expires. *Camacho v. Hobbs*, 774 F.3d 931, 935 (2015). "In Arkansas, a criminal defendant generally has thirty days from "the date of entry of a judgment" in which to file an appeal, Ark. R. App. P. – Crim. 2(a)(1)." Therefore, Petitioner had until August 7, 2009—thirty days from the July 7, 2009, judgment and commitment filing date—to file an appeal to the state appellate court. Thus, Petitioner was required to file his federal habeas petition by August 7, 2010. Petitioner did not file the current petition until March 21, 2014.

The statute of limitations may be tolled during the pendency of any properly-filed[2] applications for postconviction or other collateral review. 28 U.S.C. § 244(d)(2). Even giving Petitioner the benefit of tolling during the pendency of counsel's motion to correct an illegal sentence—October 5, 2009 to November 18, 2009—Petitioner's federal habeas petition is still untimely. The limitations would not be tolled during the pendency of Petitioner's state habeas petition because it was filed after the statute of limitations for filing of the federal habeas petition had already run. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) ("an untimely petition would not be deemed 'properly filed.'")

Even when the statutory exceptions do not apply to a petitioner's claim, the statute of

limitations on filing a writ of habeas corpus can be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A "petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 549 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court finds no reason to believe that equitable tolling would be appropriate in this case. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). The failure of Petitioner's trial counsel to inform him of his right to appeal does not excuse the gap between his conviction and his petition for habeas corpus. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Baker v. Norris*, 321 F.3d 769, 771-72 (8th Cir. 2003) ("[W]e cannot endorse Baker's argument that the Act's title provides an excuse for her not being aware of the one-year statute of limitations.").

Alternatively, Petitioner's claims are also procedurally defaulted. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual

innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner failed to present any of his arguments for a complete round of review by the state courts, so his claims are also procedurally defaulted. At the outset, it is well-settled that "rules of sentencing adopted by state courts do not ordinarily raise constitutional issues cognizable in a habeas corpus proceeding." *Niemann v. Parratt*, 596 F.2d 316, 317 (8th Cir. 1979). A state sentencing court is to be granted substantial deference as to its discretion in sentencing convicted criminals. *See Solem v. Helm*, 463 U.S. 277, 290 (1983). A habeas court will not invalidate a state sentence unless it is grossly disproportionate to the crime. *See id.*, *Tyler v. Gunter*, 819 F.2d 869, 871 (8th Cir. 1987). Additionally, in some jurisdictions, a "sentence that exceeds the statutory maximum has traditionally been viewed as a violation fo the eighth amendments prohibition against cruel and unusual punishment." *Ford v. Moore*, 296 F.3d 1035, 1038 (11th Cir. 2002) (quoting *Ralph v. Blackburn*, 590 F.2d 1335, 1337 (5th Cir. 1979)); *Echols v. Thomas*, 33 F.3d 1277, 1279 (11th Cir. 1994). The

Eighth Amendment analysis focuses on the sentence imposed for each specific crime, not the cumulative sentence for multiple crimes. *See Hawkins v. Hargett*, 200 F.3d 1279, 1284-85 and n. 5 (10th Cir. 1999). The undersigned did not locate any cases in this jurisdiction however that have held the same.

Respondent concedes that counsel's failure to notify Petitioner prior to his guilty plea that the criminal use of a prohibited weapon statute was punishable only as a Class D felony, and not as a Class B felony, was deficient performance. The undersigned agrees but finds that, even assuming that Petitioner has established that guilty-plea counsel's performance fell below an objective standard of reasonableness, habeas relief would not be warranted because of Petitioner's failure to show prejudice. *See Trevino v. Thaler*, 133 S. Ct. 1911, 1917 (2013); *Martinez v. Ryan*, 132 S. Ct. 1309 (2012); *Strickland v. Washington*, 466 U.S. 668 (1984). "In the context of pleas a defendant must show that the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012). In *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), the United States Supreme Court found that, when evaluating the petitioner's claim that ineffective assistance led to the improvident acceptance of a guilty plea, the Court is required to show "that there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." In the instant matter, it is clear from the record that Petitioner would not have chosen to go to trial. The plea deal was quite favorable to Petitioner. Petitioner had been indicted on multiple counts, and his plea bargain allowed him to plea in one charge to a lesser offense, almost certainly reducing the prison sentence that

would have been imposed had he gone to trial and been convicted on all counts. Petitioner chose to make a statement at the plea hearing in which he apologized to the victims in the bank that day, thanked police for the way they treated him and for how they handled their jobs that day irrespective of the fact that he "was a bank robber," and thanked the State for negotiating and making the plea deal for him–taking aggravated robbery off the table to allow him to serve his time "at a decent facility and have options or programs that I wouldn't have available to me with the aggravated." (Doc. No. 5-1 at pp. 12-14)

Finally, Petitioner seeks exemption from the statute of limitations and his procedural defaults through a claim of actual innocence, but he has failed to meet the stringent requirements set out in *Schlup v. Delo*, 513 U.S. 298, 329 (1995), and *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1933 (2013). "To fall within the fundamental-miscarriage-of-justice exception, 'a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)). Again, Respondent concedes that counsel's failure to notice prior to the guilty plea that Petitioner's conduct in violation of the criminal use of a prohibited weapon statute was punishable only as a Class D felony, and not as a Class B felony, was deficient performance; however, there is no new evidence presented that was unavailable at the time of the plea. *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001). While Petitioner argues *Amrine* was wrongly decided, it remains binding case law in our circuit. As such, Petitioner's efforts plainly fail to warrant application of this exceedingly rare exception.

**Conclusion**

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 18th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE